Moyer, C.J.
I
{¶ 1} The Fourth District Court of Appeals certified this case pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. The court of appeals found its judgment to be in conflict with the judgments of the First and Tenth District Courts of Appeals[1] on the following issue: “[wjhether a violation *121 of an administrative building code provision prohibits the application of the open and obvious doctrine and precludes summary judgment on a negligence claim.” We accepted plaintiff-appellant Dorothy Lang’s discretionary appeal on the same issue.
{¶ 2} For the following reasons, we affirm the judgment of the court of appeals and hold that the open-and-obvious doctrine remains applicable in cases where the defendant violated the Ohio Basic Building Code.
II
{¶ 3} Appellant Dorothy Lang is the executor of the estate of her husband, Albert Lang. One evening in early April 1999, the Langs arrived at the Holly Hill Motel, owned by appellee Holly Hill Motel, Inc., and asked to rent a room. Because Mr. Lang was 78 years old, suffered from emphysema, and carried a portable oxygen tank, Mrs. Lang requested a handicapped-accessible room. The motel did not have any such rooms available, but the front desk clerk informed Mrs. Lang that they could have a room that would require them to climb only one step. The Langs rented that room and parked their car outside of it.
{¶ 4} After exiting the car, they discovered that they would actually have to climb two steps to get into the room, and that the steps had no handrails. Mr. Lang successfully climbed the first step with assistance from Mrs. Lang. However, as he attempted to climb the second step, also with Mrs. Lang’s assistance, he fell and broke his hip. Mr. Lang ultimately died a little over three months after his fall.
{¶ 5} Mrs. Lang sued the motel for negligence. In her complaint, she alleged that the step Mr. Lang tripped over exceeded the height limitations in the Ohio Basic Building Code and that this violation created a dangerous condition that was exacerbated by the absence of handrails, which were also required under the Building Code. According to Mrs. Lang’s expert witness, the first step, which Mr. Lang successfully climbed, was at its lowest point 3.5 inches higher than was permissible under the Building Code and the second step, over which Mr. Lang fell, was at its lowest point 2.375 inches higher than permissible. The motel filed a third-party complaint against appellee Rodney McCorkle, d.b.a. MeCorkle Builders, who allegedly had constructed the part of the motel, including the steps, where this incident occurred.
*122 {¶ 6} The motel and McCorkle moved for summary judgment, arguing that even if the step was constructed in violation of the Building Code, it was nonetheless an open and obvious condition and that they therefore owed no duty of care to the Langs. Mrs. Lang appealed the trial court order of summary judgment for defendants, arguing, inter alia, that the open-and-obvious doctrine is inapplicable and summary judgment is improper when the condition at issue is in violation of the Building Code.
{¶ 7} The court of appeals first determined that the step was an open and obvious condition and that there were no attendant circumstances that distracted the Langs from appreciating the danger of the condition. Lang v. Holly Hill Motel, Inc., 4th Dist. No. 06CA18, 2007-Ohio-3898, 2007 WL 2199723, ¶ 26-28. The court then recognized that there was a conflict among the appellate districts regarding whether Building Code violations preclude summary judgment when a condition is open and obvious. Id. ¶ 29. After reviewing this court’s opinion in Chambers v. St. Mary’s School (1998), 82 Ohio St.3d 563, 697 N.E.2d 198, and decisions from the various districts in conflict, the court of appeals held that a Building Code violation does not negate the application of the open-and-obvious doctrine. Id. ¶ 34. It therefore affirmed the judgment of the trial court entering summary judgment for the defendants. Id. ¶ 35.
{¶ 8} The court then certified its decision as being in conflict with decisions from the First and Tenth District Courts of Appeals. We accepted Lang’s discretionary appeal and recognized the certified conflict. 115 Ohio St.3d 1407, 2007-Ohio-4884, 873 N.E.2d 1313; 115 Ohio St.3d 1408, 2007-Ohio-4884, 873 N.E.2d 1314.
Ill
{¶ 9} This case requires us to determine whether the open-and-obvious doctrine is applicable to a premises-liability action when the condition that caused the injury violates the Ohio Basic Building Code.

A. The open-and-obvious doctrine

{¶ 10} To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant’s breach proximately caused the plaintiff to be injured. Robinson v. Bates, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 21, citing Menifee v. Ohio Welding Prods., Inc. (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff. Gladon v. Greater Cleveland Regional Transit *123 Auth. (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287. It is undisputed in this case that the Langs were business invitees of the Holly Hill Motel, and thus the motel had a duty “to exercise ordinary care and to protect the [Langs] by maintaining the premises in a safe condition.” Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 502 N.E.2d 611.
{¶ 11} However, this duty does not require landowners to insure the safety of invitees on their property. As we have repeatedly recognized, “[t]he open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.” Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, syllabus, approving and following Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. “[T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.” Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. Thus, when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law. Armstrong ¶ 14-15.

B. Exception to the open-and-obvious doctrine

{¶ 12} Mrs. Lang has not appealed the court of appeals’ determination that the step was open and obvious. She argues instead that the open-and-obvious doctrine does not eliminate the landowner’s duty of care, and thus summary judgment is inapplicable, when the dangerous condition at issue violates the Budding Code. In short, she is asking for an exception to the open-and-obvious doctrine when the condition that allegedly caused an injury violates the Building Code.
{¶ 13} We recently addressed whether such an exception should exist for cases in which a landowner’s failure to comply with a statutory duty creates an open and obvious danger. Robinson, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195. In Robinson, the plaintiff was injured when she fell in the driveway of a residence that she rented from the defendant. Id. ¶ 2. The trial court determined that the driveway, which was under repair at the time, was an open and obvious danger and accordingly entered a directed verdict for the defendant. Id. ¶ 3.
{¶ 14} Upon appeal from the court of appeals, we held that although the open- and-obvious doctrine can excuse a defendant’s breach of a common-law duty of care, it does not override statutory duties. Id. ¶ 25. The distinction between the two types of duties lies in the fact that the violation of a statutory duty constitutes negligence per se. Id. ¶ 23-25. See also Chambers, 82 Ohio St.3d at 565, 697 N.E.2d 198, citing Eisenhuth v. Moneyhon (1954), 161 Ohio St. 367, 53 *124 O.O. 274, 119 N.E.2d 440. (“Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence per se ”).
{¶ 15} The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant. Chambers at 565-566, 697 N.E.2d 198, citing Swoboda v. Brown (1935), 129 Ohio St. 512, 522, 2 O.O. 516, 196 N.E. 274. We have recognized that when the General Assembly has enacted statutes the violations of which constitute negligence per se, the open-and-obvious doctrine will not protect a defendant from liability. Robinson, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 25; Chambers, 82 Ohio St.3d at 567-568, 697 N.E.2d 198.

C. Administrative-rule violations and the open-and-obvious doctrine

{¶ 16} In requesting an exception from the application of the open-and-obvious doctrine for Building Code violations, Mrs. Lang is essentially asking us to elevate administrative-rule violations to the level of negligence per se that we applied to statutory violations in Robinson.
{¶ 17} However, we rejected this argument in Chambers, in which the plaintiff slipped and fell on icy steps and alleged that the defendant had committed several Building Code violations that created the dangerous condition. Chambers, 82 Ohio St.3d at 564, 697 N.E.2d 198. He urged us to hold that a violation of the Building Code constitutes negligence per se. Id.
{¶ 18} In resolving the issue, we distinguished between duties arising from statutes, which reflect public policy, and duties arising from administrative rules, which are created by administrative-agency employees who act to implement the General Assembly’s public-policy decisions. Chambers, 82 Ohio St.3d at 564, 566-567, 697 N.E .2d 198. “If we were to rule that a violation of the [Building Code] (an administrative rule) was negligence per se, we would in effect bestow upon administrative agencies the ability to propose and adopt rules which alter the proof requirements between litigants. Altering proof requirements is a public policy determination more properly determined by the General Assembly * * Id. at 568, 697 N.E.2d 198.
{¶ 19} We also noted that there are innumerable administrative rules adopted each year and that it would be virtually impossible to comply with all of them. Id. Applying negligence per se in this context would thus in effect turn those subject to administrative rules into insurers of third-party safety, something that violates the basic principle of the open-and-obvious doctrine. Id. “Only those relatively few statutes which this court or the General Assembly has determined, *125 or may determine, should merit application of negligence per se should receive such status.” (Emphasis sic.) Id.
{¶ 20} For those reasons, we declined to extend negligence per se to administrative-rule violations, holding instead that such violations could be admissible as evidence of negligence, but nothing further. Id.
{¶ 21} Our holding in Chambers resolves the present issue. Because administrative-rule violations do not create a per se finding of duty and breach of duty, the plaintiff must present evidence to establish those two prongs of the negligence test. While a violation of the Building Code may serve as strong evidence that the condition at issue was dangerous and that the landowner breached the attendant duty of care by not rectifying the problem, the violation is mere evidence of negligence and does not raise an irrebuttable presumption of it. As is the case with all other methods of proving negligence, the defendant may challenge the plaintiffs case with applicable defenses, such as the open-and-obvious doctrine. The plaintiff can avoid such defenses only with a per se finding of negligence, which we declined to extend to this context in Chambers.
{¶ 22} Mrs. Lang argues that applying the open-and-obvious doctrine in this manner negates the importance of the regulations and eliminates the penalties for noncompliance. We disagree. Her argument assumes that there will be no circumstances in which a dangerous condition created by a Building Code violation is not open and obvious. This decision applies only to those cases in which an alleged Building Code violation creates an alleged danger that is allegedly open and obvious to the plaintiff. There is little difference in this regard between an open and obvious condition that arises from an administrative-rule violation and one that arises from other circumstances; in either case, the plaintiff is responsible for his or her own decision to proceed through a known danger.
{¶ 23} Moreover, this decision will not provide a disincentive for landowners to comply with the Building Code. In addition to the possibility that a condition arising from a violation will not be open and obvious, there are numerous statutory penalties that may be levied against landowners who commit violations. See R.C. 3781.15 (providing for injunctions for violations of the Building Code) and 3781.99(B) and (C) (providing for fines and criminal penalties for such violations). The potential for civil liability and the threat of statutory penalties for noncompliance are powerful disincentives to landowners who contemplate violating the Building Code.
{¶ 24} Therefore, we hold that the open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code.
*126 IV
{¶ 25} For the foregoing reasons, we affirm the judgment of the court of appeals.
Judgment affirmed.
Lundberg Stratton, O’Donnell, and Cupp, JJ., concur.
O’Connor and Lanzinger, JJ., concur in judgment only.
Pfeifer, J., dissents.

. See Christen v. Don Vonderhaar Mkt. Catering, Inc., 1st Dist. No. C-050125, 2006-Ohio-715, 2006 WL 367107; Francis v. Showcase Cinema Eastgate, 155 Ohio App.3d 412, 2003-Ohio-6507, 801 N.E.2d 535; Uddin v. Embassy Suites Hotel, 165 Ohio App.3d 699, 2005-Ohio-6613, 848 N.E.2d 519, *121 appeal allowed, 109 Ohio St.3d 1455, 2006-Ohio-2226, 847 N.E.2d 5, appeal dismissed as improvidently allowed, 113 Ohio St.3d 1249, 2007-Ohio-1791, 864 N.E.2d 638.