[Cite as *Wakefield v. John Russell Const. Co.*, 2010-Ohio-1294.]
STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LOIS WAKEFIELD, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT. | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-JE-19 |
| | ) | |
| JOHN RUSSELL CONSTRUCTION CO., | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
Pleas of Jefferson County, Ohio
Case No. 08CV605

JUDGMENT:     Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellant     Attorney Jeffrey Orr Brown
2017 Sunset Boulevard
Steubenville, Ohio 43952

Attorney Dominic J. Bianco
120 Shirley Circle
Steubenville, Ohio 43952

For Defendant-Appellee     Attorney Matthew P. Mullen
Attorney John P. Maxwell
Krugliak, Wilkins, Griffiths & Dougherty
Co., L.P.A.
158 North Broadway
New Philadelphia, Ohio 44663

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: March 26, 2010

DONOFRIO, J.

{¶1} Plaintiff-appellant, Lois Wakefield, appeals from a Jefferson County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, John Russell Construction Company, on her negligence per se claim.

{¶2} On December 16, 2002, appellant was on her way to an AARP luncheon meeting held at the JFK building in Steubenville.

{¶3} At the time, a trench existed in the city street that went around the front, one side, and the back of the JFK building. Appellee had dug the trench as part of a renovation project for the Jefferson Metropolitan Housing Authority. The trench was approximately 12 inches wide and 16 to 18 inches deep.

{¶4} Appellant approached the trench and attempted to step over it. However, instead of stepping over it onto the curb, she fell. Appellee sustained injuries to her left arm that required a cast, two surgeries, and physical therapy.

{¶5} Appellant filed a complaint against appellee and the City of Steubenville on September 30, 2008, asserting that the City failed to abate a nuisance and that appellee was negligent per se in its failure to protect the trench in accordance with a City ordinance. Appellant later dismissed her claim against the City.

{¶6} Appellee filed a motion for summary judgment, alleging no genuine issue of material fact because appellant admitted in her deposition that she was aware of the trench and decided to cross it. Therefore, appellee claimed the open and obvious defense as well as assumption of the risk barred appellant's claim.

{¶7} The trial court held a hearing on appellee's motion. It determined that appellee was entitled to summary judgment.

{¶8} Appellant filed a timely notice of appeal on May 19, 2009.

{¶9} Appellant raises a single assignment of error, which states:

{¶10} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶11} In reviewing an award of summary judgment, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.* (1998), 128 Ohio App.3d 546, 552. Thus, we shall apply the same test as the trial court in

determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming* (1994), 68 Ohio St.3d 509, 511. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505.

**{¶12}** Appellant argues this is a case of negligence per se, and therefore, the open and obvious defense does not apply. She contends that appellee violated Section 901.05 of the Codified Ordinances of the City of Steubenville entitled "Protection of Openings," which provides:

**{¶13}** "All openings and obstructions, as well as the area where the sidewalk is removed, shall be carefully guarded, protected or barricaded at all times, * * *.

**{¶14}** "Excavations left unattended during non-working hours shall be protected by one of the following methods:

**{¶15}** "(a) Backfilled to level with surrounding surface with material acceptable to the City Engineer,

**{¶16}** "(b) Covered with steel plate(s) of sufficient size and design to support expected traffic loads, or

**{¶17}** "(c) Other method acceptable to the City Engineer."

**{¶18}** Appellant argues that the evidence clearly indicated that appellee did not comply with any of the three alternatives listed in Section 901.05 and that her fall and subsequent injuries were a direct result of appellee's noncompliance.

**{¶19}** Appellant asserts that where a legislative enactment imposes a specific duty for the safety of others, the failure to perform that duty constitutes negligence per se. Appellant further argues that the rim of the trench, on which she stepped, gave way and was a dangerous condition that was not observable by sight.

**{¶20}** A negligence claim requires the plaintiff to prove: (1) duty; (2) breach of

duty; (3) causation; and (4) damages. *Anderson v. St. Francis-St. George Hosp., Inc.* (1996), 77 Ohio St.3d 82, 84.

**{¶21}** The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, simply by showing that the defendant committed or omitted a specific act prohibited or required by statute. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, at ¶15. Where the statute imposes a specific duty for the safety of others, failure to perform that duty is negligence per se. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, citing *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367.

**{¶22}** Importantly, the Ohio Supreme Court has held that violations of ordinances can constitute negligence per se:

**{¶23}** "'The distinction between negligence and 'negligence per se' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; *the latter is a violation of a specific requirement of law or ordinance*, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required.'" (Emphasis added.) *Chambers*, 82 Ohio St.3d at 565, quoting *Swoboda v. Brown* (1935), 129 Ohio St. 512, 522.

**{¶24}** Thus, the violation of a city ordinance, as appellant alleges in the present case, can constitute negligence per se. See also *Sabitov v. Graines*, 177 Ohio App.3d 451, 2008-Ohio-3795, at ¶27.

**{¶25}** In its judgment entry granting summary judgment to appellee, the trial court did not analyze whether negligence per se was applicable in this case. It noted that appellant acknowledged that she was aware of the trench, that she saw the trench, and that she consciously decided to attempt to step over the trench. It further noted that appellant was unable to state the cause of her fall, having stated once that she lost her balance and another time that perhaps some of the asphalt crumbled. The court found that appellant saw the trench and assumed the risk of stepping over it and further that the trench was open and obvious. Accordingly, it found that

appellee was entitled to summary judgment.

**{¶26}** The Ohio Supreme Court has recognized that when the General Assembly has enacted statutes, the violations of which constitute negligence per se, the open-and-obvious doctrine does not protect a defendant from liability. *Lang*, 122 Ohio St.3d at ¶15, citing *Robinson v. Bates,* 112 Ohio St.3d 17, 2006-Ohio-6362, at ¶25; *Chambers,* 82 Ohio St.3d at 567-68.

**{¶27}** The open-and-obvious doctrine provides that premises owners owe no duty of care to people who enter their premises where there is an open and obvious danger. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶14, citing *Sidle v. Humphrey* (1963), 13 Ohio St.2d 45, paragraph one of the syllabus. This is because "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644.

**{¶28}** In *Simmers*, supra, the Ohio Supreme Court was called upon to distinguish between the application of the open and obvious doctrine to claims against landowners, or those who have an interest in the land, from claims against non-landowners, or those persons who conduct activity on the land with the consent of the landowner. In *Simmers*, the landowner, CSX, contracted with the construction company, Bently, to repair a bridge owned by CSX. Bently created a hole in the bridge. The plaintiff fell through the hole and was injured. He filed suit against both CSX and Bently. The trial court granted summary judgment in favor of both defendants based on the ground that the hole was an open and obvious danger.

**{¶29}** The Supreme Court reversed the judgment holding:

**{¶30}** "An independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property." Id. at the syllabus.

**{¶31}** In so holding, the Court stated, "We are not persuaded to extend the

'open and obvious' doctrine to persons who conduct activity with the consent of the landowner but who themselves have no property interest in the premises." Id. at 645. The Court went on to hold that because the independent contractor at issue had no property interest in the subject premises, the proper test to apply was a negligence test. Id. As such, the court stated that the question of whether the hazard was an open and obvious danger would become relevant in a comparative negligence analysis:

{¶32} "In the law of negligence, an 'open and obvious' danger can also place affirmative defenses at issue. These would be (1) contributory negligence, and (2) assumption of risk. * * *

{¶33} "In essence, Bently argues that Stephen was negligent in failing to protect himself from an open and obvious danger and that his negligence proximately caused his own injuries. A plaintiff's contributory negligence, however, does not automatically bar recovery for damages directly and proximately caused by defendant's negligence. R.C. 2315.19(A)(2).

{¶34} "Issues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. * * * Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. * * * " (Citations omitted.)  Id. at 646.

{¶35} In the case at bar, there is no allegation that appellee owns the city street where it was working.  Appellee was employed as a contractor to do construction work there. (Russell dep. 46-48).  The trial court failed to recognize that the open-and-obvious doctrine applies only to landowners and does not apply to independent contractors.  Thus, the court should not have applied the open-and-obvious doctrine in the manner it did.

{¶36} If in fact appellee is found to have been negligent per se, then the open-and-obvious doctrine may still be utilized in a comparative negligence analysis as set out in *Simmers.*  This is because a finding of negligence does not equal a

finding of liability as the defendant may still raise applicable defenses such as comparative negligence. See *Dawson v. McNeal*, 10th Dist. No. 03AP-396, 2004-Ohio-107, at ¶12.

{¶37} Furthermore, genuine issues of material fact surround whether appellee violated the ordinance and likewise whether appellee was negligent per se.

{¶38} Appellee's vice president, Douglas Russell, gave a deposition. Russell stated that the trench where appellant fell was approximately 12 inches wide and 16 to 18 inches deep. (Russell dep. 80). He stated that during the time the trench was in front of the JFK building, appellee did not cover it with a steel plate or plywood. (Russell dep. 104). He stated that appellee's practice is to use barricades. (Russell dep. 83-84). He did not specifically comment one way or the other as to whether the trench may have been filled in with fill material on the day of appellant's fall.

{¶39} Appellant, on the other hand, stated that she did not see any barricades. (Wakefield dep. 37, 41). She also stated that the trench was not filled in. (Wakefield dep. 45).

{¶40} Based on Russell's and Wakefield's depositions, an issue of fact exists as to whether appellee violated the city ordinance. Russell indicated that the trench area was barricaded off. Appellant stated that it was not. Furthermore, if the area was indeed barricaded off, this method would have had to have been acceptable to the City Engineer in order to bring it in compliance with the ordinance. Thus, summary judgment was not proper given these genuine issues of material fact.

{¶41} Genuine issues of material fact also exist here as to what was the proximate cause of appellant's fall. In her deposition appellant stated:

{¶42} "Q. Okay. And can you describe what happened as you were trying to step over that trench?

{¶43} "A. I lost my balance and fell.

{¶44} "Q. So, when you looked down at that trench - -

{¶45} "A. I thought I could step over it.

{¶46} "Q. Okay. So, just so I'm clear, you didn't step down onto the gravel

area of the trench?

**{¶47}** "A.  No.

**{¶48}** "Q.  Okay.  So - -

**{¶49}** "A.  I thought, perhaps, maybe some of the asphalt may have crumbled under my foot to throw me off balance.

**{¶50}** "Q.  That's what you - - do you still think that?

**{¶51}** "A.  I'm not sure.

**{¶52}** "Q.  Okay.  When you lost your balance, is that when your foot partially got on top of the curb?

**{¶53}** "A.  I don't know.

**{¶54}** "Q.  Okay.  You can't remember - -

**{¶55}** "A.  I can't remember.

**{¶56}** "Q.- - at what point you actually lost balance as you were stepping across?

**{¶57}** "A.  It happened so fast."  (Wakefield dep. 46-48).

**{¶58}** Helen Bush, who was walking behind appellant, also gave a deposition. Bush described appellant's fall as follows:

**{¶59}** "Q.  Did you notice anything dangerous with the curb as you were walking toward it?

**{¶60}** "A.  No.

**{¶61}** "Q.  Do you recall thinking it was dangerous after Mrs. Wakefield fell?

**{¶62}** "A.  No.

**{¶63}** "Q.  And is that because it was just - - just a curb?

**{¶64}** "A. I couldn't see anything there.  I couldn't know why.  There was just a sidewalk and a curb.

**{¶65}** "Q.  When you say you don't know why, you're referring to - - that you don't know why Mrs. Wakefield fell?

**{¶66}** "A.  No, I didn't say that.

**{¶67}** "Q.  Okay.  Trust me, I don't want to mischaracterize your testimony.

So what did you mean by that?

**{¶68}** "A.  We walked across the street.  She stepped up and she went down. I was behind her and I stepped up on the curb, which was right next to the sidewalk. There was nothing there.  There was no reason for me to fall.  There was no reason to know why she fell." (Bush dep. 32-43).

**{¶69}** Additionally, appellant provided the affidavit of professional engineer Richard Hughes, who stated that appellant's fall and subsequent injuries were the direct result of the trench being uncovered and not barricaded.  (Hughes aff. ¶4a).

**{¶70}** Proximate cause is generally an issue for the jury because it involves a question of fact.  *Morris v. Morris*, 9th Dist. No. 21350, 2003-Ohio-3510, at ¶21.  Here it is unclear exactly what caused appellant to fall.  Consequently, this question is best left for a jury to determine.

**{¶71}** Because genuine issues of material fact exist as to whether appellee violated the city ordinance and whether any violation of the ordinance was the proximate cause of appellant's fall, summary judgment was not proper in this case. Accordingly, appellant's sole assignment of error has merit.

**{¶72}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.