[Cite as *Pettit v. Perry Cty. Commrs.*, 2011-Ohio-572.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
|  | : | JUDGES: |  |
| CAROLYN PETTIT | : | Julie A. Edwards, P.J. |  |
|  | : | John W. Wise, J. |  |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |  |
|  | : |  |  |
| -vs- | : | Case No. 10-CA-07 |  |
|  | : |  |  |
|  | : |  |  |
| PERRY COUNTY COMMISSIONERS | : | O P I N I O N |  |
|  |  |  |  |
| Defendant-Appellant |  |  |  |

CHARACTER OF PROCEEDING:   Civil Appeal from Perry County
                   Court of Common Pleas Case No.
                   09-CV-00128

JUDGMENT:           Reversed and Remanded

DATE OF JUDGMENT ENTRY:   February 7, 2011

APPEARANCES:

For Plaintiff-Appellee         For Defendant-Appellant

VINCENT C. RUSSO         MARK LANDES
R. DAVID MCGLADE         BRANDI L. DORGAN
Magaziner & McGlad, LLC       Isaac, Brant, Ledman & Teetor, LLP
44 South 6th Street, P.O. Box 970   250 East Broad Street, Suite 900
Zanesville, Ohio  43702-0970     Columbus, Ohio  43215-3742

*Edwards, P.J.*

{¶1} Defendant-appellant, Perry County Commissioners, appeal from the January 28, 2010, Decision of the Perry County Court of Common Pleas denying its Motion for Summary Judgment.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On April 16, 2007, appellee Carolyn Pettit and her husband drove to the licensing bureau in Perry County to renew their license plates. The property on which the licensing bureau is located is owned and maintained by appellant. On the day in question, it was light outside and there was no snow or rain on the ground. Because the parking spots in front of the building were taken, appellee parked on a ramp located on the north end of the building. The ramp goes from zero grade to an elevation of approximately 8 to 10 inches. At the top of the ramp is a handicapped parking spot on a flat area right next to the rear door of the building. When appellee exited her car, which was parked on the far left edge of the ramp, she fell over the edge of the ramp, sustaining injuries. At the time of appellee's fall, the top edge of the ramp was painted blue and the side of the ramp was painted yellow. According to appellee, a car was parked in front of the edge, blocking view of the yellow paint.

{¶3} Launful Salyer, who was employed by appellant as a building maintenance supervisor and foreman, painted the far left and far right top edges of the ramp area with blue lines and painted two blue handicap stencils in the handicapped spot. The purpose of the blue lines was to keep non-handicapped people from blocking the area. He painted the top edge of the ramp blue to indicate that a driver was to pull up and stop at such point. A vehicle parked in the handicapped spot would be right next

to the building and beyond the ramp or any other parked vehicles. According to Salyer, a sign directed people who wanted to park in the handicap space to pull up to the flat area or to pull up to the back of the building. Salyer testified that he used yellow paint to highlight curbs and that, although yellow paint "would have been better", he used blue paint to designate the handicapped spot because "when you designate a handicap spot, it's all got to be blue." Deposition of Launful Salyer at 41.

{¶4} Appellee, on March 24, 2009, filed a complaint against appellant. Subsequently, she filed an amended complaint. In her amended complaint, appellee alleged that appellant was negligent in maintaining the parking lot due to the ramp and in failing to warn her of the ramp. She specifically alleged that appellant violated a building code by not having the design plans or specifications of the parking lot and/or handicapped space submitted to the appropriate building official for inspection and approval. On December 10, 2009, appellant filed a Motion for Summary Judgment. Appellant, in its motion, alleged that it was immune from liability under Revised Code 2744.01 et seq. and that the ramp was open and obvious.

{¶5} As memorialized in a Decision filed on January 28, 2010, the trial court overruled appellant's Motion for Summary Judgment. The trial court, in its Decision, found that the "physical defect" exception to immunity contained in R.C. 2744.02(B)(4) applied and also that neither of the defenses to immunity contained in R.C. 2744.03(A)(3) or (A)(5) applied. The trial court also found that there were genuine issues of material fact in dispute as to whether or not the ledge/drop off created by the ramp was an open and obvious danger.

{¶6} Appellant now raises the following assignments of error on appeal:

{¶7} "I. AS A MATTER OF LAW, THE PROXIMITY OF THE RAMP IN A PARKING LOT TO THE HANDICAPPED PARKING SPACE IS NOT A PHYSICAL DEFECT UNDER R.C. 2744.02.

{¶8} "II. THE TRIAL COURT ERRED IN FINDING THAT AN ISSUE OF FACT EXISTS REGARDING WHETHER THE RAMP IN THE PARKING LOT WHERE PLAINTIFF-APPELLEE FELL WAS NOT OPEN AND OBVIOUS."

{¶9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment, bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine

issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E .2d 1164, citing *Dresher v. Burt* , 75 Ohio St.3d 280, 1996-Ohio- 207, 662 N.E.2d 264.

**{¶11}** It is based upon this standard that we review appellant's assignments of error.

I

**{¶12}** Appellant, in its first assignment of error, argues that the trial court erred in finding that appellant was not immune from liability under R.C. 2744.01 et seq. We agree.

**{¶13}** Appellant has appealed from the trial court's denial of its Motion for Summary Judgment. Typically the denial of a motion for summary judgment is not a final appealable order. However, R.C. 2744.02(C) states that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability * * * is a final order." Consequently, this court has jurisdiction over this appeal to the extent that it challenges the denial of statutory immunity to appellant.

**{¶14}** R.C. 2744.02(A)(1) provides that political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶15} In the case sub judice, the parties do not dispute that appellant is a political subdivision, that the building and parking lot in which appellee fell is owned by appellant and that appellant was performing a governmental function. R.C. 2744.01(C)(2)(e) defines a governmental function as including "the regulation of the use of, and maintenance and repair of roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds." In the case sub judice, the parking lot where appellee fell was on public grounds.

{¶16} The parties do dispute, however, whether or not an exception to immunity contained in R.C. 2744.02(B) applies. The exceptions to immunity listed in R.C. 2744.02(B) are as follows: (1) the negligent operation of a motor vehicle by an employee of the political subdivision, (2) negligent performance of acts by employees of the political subdivision with respect to "proprietary functions" of the political subdivision, (3) negligent failure of the political subdivision to keep public roads in good repair, (4) negligent creation or failure to remove physical defects in buildings and grounds; and (5) where civil liability is expressly imposed upon a political subdivision by another section of the Revised Code. If any of the exceptions apply, the court must further analyze whether any of the defenses in R.C. 2744.03(A) apply, providing the political subdivision with a defense against liability. See *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610.

{¶17} Appellee argued, and the trial court agreed, that the exception to immunity contained in R.C. 2744.02(B)(4) applied. To trigger the immunity exception set forth in R.C. 2744.02(B)(4), appellee was required to demonstrate both that (1) her injury was caused by the negligence of appellant's employee and (2) that the injury was due to a

"physical defect within or on the grounds of" the subject building. See *Dunfee v. Oberlin School District*, Lorain App. No. 08CA009497, 2009-Ohio-3406 at paragraph 13.

{¶18} In *Dynowski v. City of Solon*, 183 Ohio App.3d 364, 2009-Ohio-3297, 917 N.E.2d 286, a golfer filed a negligence action against the city of Solon after he was injured after he slipped and fell while walking down a ramp constructed of railroad ties. The ramp was located outside of a pro shop on the grounds of a golf course owned and operated by the city of Solon. After the trial court denied the city's motion for summary judgment, the city appealed.

{¶19} On appeal, the appellee relied on his own deposition testimony and an expert report to support his allegation that the ramp was physically defective. The appellee argued that the ramp was not designed and installed in compliance with applicable building codes and that it was negligently maintained because it was only partially covered with a nonskid surface and had a handrail installed only on the side with the nonskid surface. In turn, the appellant argued, in part, that the "physical defect" exception contained in R.C. 2744.02(B)(4) did not apply because the ramp was not required to comply with local building codes.

{¶20} In holding that the "physical defect" exception did not apply and that the city of Solon was immune from liability, the court, in *Dynowski,* stated, in relevant part, as follows: "Appellee has failed to present sufficient evidence that would expose appellant to liability under the 'physical defect' exception to immunity at R.C. 2744.02(B). While it has presented evidence that the ramp in question violated certain nonspecific building codes, it has presented no evidence that the ramp was required to

comply with those codes to begin with. In short, appellant cannot be in violation of a law it is not required to follow." Id at paragraph 19.

{¶21} In the case sub judice, appellee argued that the ledge/drop off was a physical defect given its proximity to the handicap parking spot, its location in the ingress from such spot to the front door of the license bureau, and the fact that the top edge of the ledge/drop off was painted blue rather than yellow.  Appellee notes that curbs and potential hazards in the parking lot were painted yellow.   The trial court found that the "apparent handicap spots proximity to the drop off resulted in a physical defect being present on [appellant's] property" and that the exception contained in R.C. 2744.02(B)(4) therefore applied.

{¶22} However, while appellant, in her amended complaint, alleged that the handicapped space and/or ramp failed to meet building standards, appellee has not produced evidence the ramp in question violated any building codes or laws. As noted by appellant, appellee "has failed to come forth with any evidence that the proximity of the handicapped parking space to the ramp was in any way a violation of any standards or building codes, despite the allegations in the Amended Complaint."  Moreover, there is no evidence that the blue markings on the ramp (the blues lines along the top edge and side edges of the ramp) as opposed to yellow lines constituted a defect.

{¶23} Based on the foregoing, we find that the exception to immunity contained in R.C. 2744.02(B)(4) did not apply and that appellant, therefore, was entitled to immunity under R.C. 2744.01 et seq. We further find that the trial court erred in overruling appellant's Motion for Summary Judgment.

{¶24} Appellant's first assignment of error is, therefore, sustained.

II

**{¶25}** Appellant, in its second assignment of error, argues that the trial court erred in finding that there were genuine issues of material facts as to whether or not the ramp was open and obvious.

**{¶26}** Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.

**{¶27}** Accordingly, the judgment of the Perry County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.

By: Edwards, P.J.

Wise, J. concur

Delaney, J., dissents

_____

_____

_____

                                    JUDGES

JAE/d0819

*Delaney, J., dissenting*

{¶28} I respectfully dissent from the majority's conclusion that the exception to immunity contained in R.C. 2744.02(B)(4) does not apply as a matter of law.

{¶29} The trial court correctly concluded that based upon the deposition testimony of Mr. Salyer, reasonable minds could conclude that the appellant "was negligent in painting the area at issue with blue lines and a handicap wheelchair stencil, which gave the area adjacent to the drop off the appearance of a handicap parking space" and the "apparent handicap spots proximity to the drop off resulted in a physical defect being present on the [appellant's] property." A simple look at the photographs in the record demonstrates the appearance of a handicap parking space despite appellant's protestations that appellee did not park her vehicle in a parking space.

{¶30} Appellant asserts in the first assignment of error that because appellee failed to produce evidence that the proximity of the handicap parking space to the drop off violated any building codes or laws it cannot be a physical defect under R.C. 2744.02(B)(4), relying on the Eighth District's decision in *Dynowski v. City of Solon.* I believe appellant and the majority reads the *Dynowski* decision too broadly. There is no language in R.C. 2744.02(B)(4) that limits the term "physical defect" to a condition that allegedly violates administrative building codes or unspecified laws. Rather, the issue of regulatory compliance, as noted by the *Dynowski* court, pertains to the analysis of whether a duty is owed by a premises owner or occupier to a business invitee, and not to the issue of whether a physical defect did or did not exist on the property. See, *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120; *Jackson*

*v. Bd. of Cty. Commr.*, 4th Dist. No. 10CA805, 2010-Ohio-4875.  This is an important

distinction in our analysis of the immunity exception.

    **{¶31}**  Accordingly, I would overrule the first assignment of error.


                   _____

                   JUDGE PATRICIA A. DELANEY

[Cite as *Pettit v. Perry Cty. Commrs.*, 2011-Ohio-572.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CAROLYN PETTIT | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PERRY COUNTY COMMISSIONERS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-07 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.  Costs assessed to appellee.

_____

_____

_____

JUDGES