[Cite as *Wilcox v. Tabler*, 2013-Ohio-1321.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SHEILA WILCOX

     Appellant

     v.

WAYNE TABLER

     Appellee

C.A. No.     26530

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2011 09 5167

DECISION AND JOURNAL ENTRY

Dated: April 3, 2013

HENSAL, Judge.

{¶1} Plaintiff-Appellant, Sheila Wilcox, appeals from a judgment of the Summit County Court of Common Pleas granting Defendant-Appellee, Wayne Tabler's, motion for summary judgment. For the reasons set forth below, this Court reverses.

I.

{¶2} In June 2009, Sheila Wilcox entered into a lease agreement with Wayne Tabler to rent a single family home located in the City of Akron. Tabler previously lived in the home, which he had owned since 1996. On March 11, 2011, Wilcox was injured when she slipped and fell in the home's basement. She alleged that water, which leaked into the basement through the foundation, caused her to slip and fall. She filed a complaint for personal injury against Tabler that alleged negligence per se violations of R.C. 5321.04(A)(1)–(2) and common law negligence. Tabler moved for summary judgment on all Wilcox's claims, which was granted by the trial court. Wilcox filed a timely appeal, and raises one assignment of error for review.

II.

{¶3} This Court notes that the trial court granted summary judgment to Tabler on all three of Wilcox's claims. Wilcox did not present an assignment of error or argue that summary judgment was improper on the R.C. 5321.04(A)(2) and negligence claims. Because Wilcox does not dispute that these claims were properly dismissed, this Court shall limit its discussion to the remaining claim under R.C. 5321.04(A)(1).

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE WAYNE TABLER.

{¶4} Wilcox argues that the trial court failed to consider evidence of water infiltration in the basement, and should not have held that evidence of a municipal code violation or expert testimony was required in order to establish a genuine issue of material fact in the case. She alternately argues that even if such evidence was required, there was some evidence of a code violation in the record. This Court finds merit in Wilcox's arguments.

{¶5} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011-Ohio-1519, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material

fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id*. The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. City of Akron*, 9th Dist. No. 26266, 2012-Ohio-4695, ¶ 10.

{¶6} "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. Wilcox alleged that Tabler violated R.C. 5321.04(A)(1), which provides that: "A landlord who is a party to a rental agreement shall do all of the following: (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety." Violation of this section is considered negligence per se. *Sikora v. Wenzel*, 88 Ohio St.3d 493 (2000), syllabus. "The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute[.]" *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 15.

{¶7} The City of Akron has adopted the Environmental Health Housing Code ("Housing Code"). Akron Municipal Code 150.01 et seq. Wilcox maintains that the conditions in the basement violated 150.10(A)(1) of the Housing Code, which provides that "[e]very foundation, floor, wall * * * shall be reasonably weathertight, watertight * * * and shall be kept in sound working condition and good repair." The trial court held that Wilcox failed to proffer any evidence that Tabler violated the Housing Code. Specifically, the court cited to the absence

of a citation or opinion testimony as to the meaning of "reasonably watertight" and how the home violated that standard.

{¶8} The record contains ample evidence that the basement leaked. Tabler acknowledged that the basement leaked the entire time he lived there; although, he maintained that he told Wilcox about it before she moved in. While Wilcox noticed a "little bit" of water seeping into the basement at the base of the walls and floor during the first six months of her tenancy, the frequency and quantity of the seepage increased during her tenancy. She observed water flowing on the floor on three or four occasions. Wilcox stored personal property in boxes, which were ruined when the water reached the middle of the basement floor. While Wilcox maintained that she wrote Tabler two letters and called him approximately ten times about water in the basement, he denies that she told him the basement leaked.

{¶9} On March 11, 2011, Wilcox alleged that she slipped and fell backwards just after she descended the basement stairs while carrying a basket of laundry. She further maintains that she did not initially see the water that caused her to slip, but when she sat up, however, she was wet and noticed water on the floor.

{¶10} The City of Akron inspected the home less than one month after Wilcox's fall, and issued a citation to Tabler for several Housing Code violations. While he was cited for a violation of 150.10(A)(7), ("[e]liminate all mold and sources of excessive moisture from the dwelling"), he was not cited for a violation of 150.10(A)(1), which mandates a weathertight and watertight foundation, floor and wall.

{¶11} Viewing the evidence in a light most favorable to Wilcox, there is a genuine issue of material fact whether the condition of the basement violated the applicable Housing Code. If the basement leaked as Wilcox maintains, there is evidence that the foundation was

not "reasonably watertight" and in "good repair" as required by 150.10(A)(1). Based upon the foregoing, this Court sustains Wilcox's assignment of error.

## III.

{¶12} Wilcox's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

THOMAS R. HOULIHAN, Attorney at Law, for Appellant.

JAMES W. SLATER, Attorney at Law, for Appellant.

FRANK MAZGAJ, Attorney at Law, for Appellee.