[Cite as *Benford v. Dept. of Rehab. & Corr.*, 2019-Ohio-2619.]

| | |
|---|---|
| ROBERT BENFORD | Case No. 2018-00173JD |
| Plaintiff | Magistrate Gary Peterson |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff, an inmate in the custody and control of defendant, brought this action for negligence arising out of injuries he sustained in an accident that occurred at the London Correctional Institution (LOCI). The issues of liability and damages were not bifurcated and the case proceeded to trial on both issues.

{¶2} At trial, plaintiff testified that he had been assigned to food preparation in the kitchen at LOCI for about three months leading up to the accident. Plaintiff related that his duties, as assigned to him by employees of the Aramark Corporation, were to slice meat and cabbage, open cans of food, and otherwise prepare the meal. Plaintiff stated that on August 14, 2017, Ms. Newsome, an employee of Aramark, assigned him the task of slicing cabbage on the Hobart slicer. Plaintiff estimated that he had used the slicer about five or six times prior to this incident.

{¶3} According to plaintiff, Ms. Newsome obtained the slicer from a corrections officer and was required to "watch" any inmate who is assigned to use the slicer. Plaintiff recalled that Ms. Newsome was assigned to watch him operate the slicer and that she was a couple of feet away from him when he cut his finger while slicing cabbage. Plaintiff stated that Aramark employees Ms. Wiedenheft and Ms. Williams were also "watching" him use the slicer on that day.

{¶4} Plaintiff did not describe how his fingers encountered the blade other than to say he was holding the bar that pushes the cabbage into the blade and two of his

fingers contacted the blade.  Plaintiff did not know if the safety guard was on the slicer at the time of the accident or if the blade was defective, but he asserted that after he cut his fingers, Ms. Newsome stated that the slicer should not have been used because someone had been cut the day before while using the slicer.  Later in his testimony, plaintiff asserted that two Aramark employees and a corrections officer all stated that the guard was not on the slicer and should not have been used.

{¶5} Plaintiff denied being trained to use the slicer prior to the accident.  Plaintiff, however, acknowledged that he completed paperwork indicating that he had been trained and that another inmate showed him on a couple of occasions how to use the slicer.  Nevertheless, plaintiff maintained that no employee of Aramark or defendant trained him to use the slicer.  Plaintiff further asserted that he never received and never saw a copy of plaintiff's exhibit 3, which is the product description or product manual of the Hobart Edge12 Slicer.  Plaintiff maintained that he was never warned that he needed to keep his hand away from the blade while using the slicer.  Following the incident, Donald Harris, a corrections officer employed with defendant escorted plaintiff to the medical infirmary where he received treatment.

{¶6} Jennifer Shantie testified that she is a registered nurse employed with defendant at LOCI, where she has worked for three years.  Shantie recalled that plaintiff was bleeding when he arrived in the infirmary.  Shantie reported that she stopped the bleeding, cleaned the wound, and asked an advanced level provider for assistance in providing plaintiff with medical care.  Shantie stated that plaintiff had injured his fourth and fifth fingers of his left hand; she estimated that the cuts were approximately one centimeter in depth.  Over the course of the next two weeks, plaintiff continued to receive medical treatment while his wounds healed.

{¶7} Gretchen Slussar testified that she is employed with Aramark as the food service director at LOCI.  Slussar explained that Aramark is responsible for providing food services to the inmates at LOCI and that she oversees a staff of approximately

nine Aramark employees.  Slussar asserted that she is responsible for everything that happens in the kitchen.  Slussar could not recall whether she was present at LOCI when plaintiff was injured; however, Slussar confirmed that Ms. Newsome was assigned to ensure that plaintiff was operating the slicer properly.  Slussar was unable to confirm that another inmate cut his hand on the slicer prior to this incident.

{¶8} Michael Ruh testified that he is employed with defendant as the safety and health coordinator at LOCI and has been so employed for the previous 13 years.  Ruh did not formally investigate the incident, but he did become aware that plaintiff was injured while using the slicer.  Ruh explained that following plaintiff's injury, he looked at the slicer, reviewed the accident report, and reviewed the medical report regarding the incident.  Ruh took photographs of the slicer a few days after the incident and noted that the slicer had been removed from service by Jack Reid, a corrections officer at LOCI.  Ruh did not know the date that the slicer was removed from service and did not talk with Reid or any Aramark employee about the condition of the slicer when plaintiff was injured.

{¶9} Ashley Axline[1] testified by deposition that she was previously employed with Aramark as an administrative assistant assigned to LOCI.  Axline recalled that she was working at LOCI on August 14, 2017, when plaintiff was injured while using a slicer.  Regarding training that plaintiff received, Axline testified that she trained plaintiff by showing him the slicer and demonstrating how to use the slicer.  Axline stated that plaintiff printed his name and signed the document regarding training; the document is dated June 11, 2017.  Axline believed that plaintiff was competent to operate the slicer, and she asserted that he had done so for some time leading up to the incident.

{¶10} Regarding the day of the incident, Axline recalled that she and Ms. Newsome were present in the kitchen.  Axline testified that she had no reason to

---

[1]Axline previously was known as Ashley Williams.

believe that the slicer was broken or had defective or missing parts.  With respect to a guard on the slicer, Axline stated that the guard simply covered up the blade.  Axline recalled that Ms. Newsome was standing right by plaintiff when the accident occurred.  Axline acknowledged that she did not personally see plaintiff cut his fingers on the slicer.  Nevertheless, Axline completed an accident report documenting that plaintiff cut his fingers while using the slicer.  Axline stated that plaintiff completed a portion of the accident report and that she completed the remainder.

{¶11} "To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10.

{¶12} "In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 8.  "The state's duty of reasonable care does not render it an insurer of inmate safety." *Allen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-619, 2015-Ohio-383, ¶ 17.  "Reasonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-177, 2004-Ohio-5545, ¶ 16.  "Where an inmate also performs labor for the state, the state's duty must be defined in the context of those additional factors which characterize the particular work performed." *Barnett v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-1186, 2010-Ohio-4737, ¶ 18.  "The inmate also bears a responsibility 'to use reasonable care to ensure his own safety.'" *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist.

Franklin No. 10AP-941, 2011-Ohio-3314, ¶ 20, quoting *Macklin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 01AP-293, 2002-Ohio-5069, ¶ 21.

{¶13} Upon review of the evidence, the magistrate finds that plaintiff failed to prove his claim of negligence by a preponderance of the evidence. As an initial matter, the magistrate notes that it is disputed whether Aramark is an agent of defendant. Indeed, the parties presented evidence from which the magistrate could determine the nature of the relationship between Aramark and defendant. Nevertheless, because the magistrate believes that plaintiff failed to prove that his injuries were the result of negligence, the magistrate declines to address whether Aramark is an agent of defendant inasmuch as such an opinion would be merely advisory. Regardless, for the purposes of this decision, the magistrate will assume that any negligence committed by employees of Aramark, may be imputed to defendant.

{¶14} The magistrate finds that on August 14, 2017, plaintiff was assigned to use the slicer to cut cabbage while working in the kitchen at LOCI. Plaintiff was directly supervised by Ms. Newsome, who was within a few feet of plaintiff while he operated the slicer. Plaintiff had been working in the kitchen for at least two months leading up to the accident and had previously been trained to use the slicer. Indeed, plaintiff had used the slicer on many occasions before this accident. Plaintiff did not describe in detail how the accident occurred; nevertheless, his left hand contacted the blade, cutting two of his fingers. Plaintiff subsequently received treatment for his injuries in the medical infirmary.

{¶15} Plaintiff contends that he was not properly trained on the use of the slicer. In his testimony, plaintiff stated that he was not trained by any Aramark employee on the use of the slicer. Nevertheless, plaintiff acknowledged that another inmate demonstrated the use of the slicer. Furthermore, Axline credibly testified that she showed plaintiff the parts of the slicer and demonstrated its use. Plaintiff signed documentation stating that he was trained to use the slicer. Moreover, plaintiff had used

the slicer on many occasions prior to this accident and there is no suggestion that plaintiff ever requested additional training. Similarly, there is no evidence that plaintiff ever informed any Aramark employees that he did not feel competent to operate the slicer.

{¶16} Plaintiff argues that he was not properly supervised while using the slicer. Plaintiff's testimony, however, is undermined by his admission that Ms. Newsome was within a couple of feet of him while he operated the slicer. Such an admission weakens plaintiff's credibility on that issue. In addition to Ms. Newsome, Axline was also present in the kitchen and credibly testified that she saw Ms. Newsome standing by plaintiff when the injury occurred. In short, there is no doubt that an employee of Aramark was supervising plaintiff when the injury occurred.

{¶17} Plaintiff asserts that the safety guard was removed or that the slicer was defective and should not have been allowed to be used. The magistrate finds that Axline credibly testified that she had no reason to believe that the slicer was missing any parts or was defective in any way. Additionally, the product manual, admitted as plaintiff's exhibit 3, describes the guard as a permanent knife ring guard. Photos that were taken a couple of days after the accident show the safety guard on the slicer. Moreover, plaintiff did not know if the safety guard was attached the day of the accident. In short, plaintiff did not establish that the safety guard was missing or had been removed on the day of the accident.

{¶18} Regarding plaintiff's claim that the slicer was defective, plaintiff failed to identify any alleged defects. Such a vague statement is not sufficient to prove by a preponderance of the evidence that the slicer was indeed defective. Plaintiff points to

alleged admissions by Aramark employees Ms. Newsome and Axline stating that the slicer was defective; however, Axline credibly testified that she had no reason to believe that the slicer was defective in any way. Plaintiff also claims that another inmate was injured the day before by the same slicer and that the slicer therefore should not have been used. Slussar, who is responsible for food preparation in the kitchen, was unable to recall such an event. Additionally, plaintiff did not offer any corroborating evidence in support of such an allegation.

{¶19} Finally, it is noted that the slicer was removed from service at some point after plaintiff's accident. It was not established why the slicer was removed from service or that the slicer's removal was related to plaintiff's injury. Furthermore, even assuming that the slicer was removed from service because of plaintiff's injury, plaintiff did not present any evidence that defendant, or any employee of Aramark, knew or should have known that the slicer was defective prior to plaintiff's injury. In short, plaintiff did not establish that defendant had notice of the slicer's dangerous condition prior to plaintiff's accident. Moreover, the magistrate must conclude that the sole proximate cause of plaintiff's accident was plaintiff's own failure to keep his hands free of the blade.

{¶20} Based upon the foregoing, the magistrate recommends that judgment be entered in favor of defendant.

{¶21} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely*

*and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

 

GARY PETERSON
Magistrate

**Filed May 28, 2019**
**Sent to S.C. Reporter 6/28/19**