[Cite as *Tavenner v. Cogan* , 2012-Ohio-2134.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

JOY TAVENNER, ET AL.,

    PLAINTIFFS-APPELLANTS,          CASE NO.  2-11-26

    v.

CARROLL COGAN, TRUSTEE, ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2010 CV 0422**

**Judgment Affirmed**

**Date of Decision:  May 14, 2012**

**APPEARANCES:**

    *Derek A. Younkman*  **for Appellants**

    *Glenn E. Wasielewski*  **for Appellee, Lancaster Colony Corp., and**
    **Koneta Rubber, Inc.**

    *Robert L. Berry*  **for Appellee, Carroll Cogan and June Cogan**

Case No. 2-11-26

**SHAW, P.J.**

{¶1} Plaintiff-appellants Joy Tavenner and Tavenner Enterprises[1] appeal the October 20, 2011 judgment of the Auglaize County Court of Common Pleas granting summary judgment for the defendant-appellees June Cogan ("Cogan"), Lancaster Colony Corporation ("LCC") and Koneta Rubber ("Koneta, Inc.").

{¶2} The facts relevant to this appeal are as follows. Cogan was the owner of a building located at 500 Willipie Street, Wapakoneta Ohio, which was leased to Koneta, Inc. The lease commenced in December of 2000 and the building was used for storage. Tavenner Enterprises owned a building that attached to Cogan's storage building via the east wall, located at 505 South Park Street, Wapakoneta, Ohio. Tavenner Enterprises operated a nightclub in the building called City Side Lounge. The two buildings, City Side Lounge and the storage building, were separated by an eight inch concrete block firewall.

{¶3} In the early morning hours of March 9, 2007 the Wapakoneta Fire Department responded to a fire at Cogan's building. In fighting the fire, the Wapakoneta Fire Department requested mutual aid from the Botkins, Buckland, and Uniopolis Fire Departments which also responded to the scene. During the course of fighting the fire, two doors on the west end of City Side Lounge were

---

[1] Joy Tavenner is/was admittedly the sole shareholder of Tavenner Enterprises. The deposition of Joy Tavenner, taken October 5-6, 2009, suggests that Tavenner Enterprises' articles of incorporation may have been cancelled as far back as July 26, 2007 due to failure to report corporate franchise tax. (Tr. at 173). Further information on the corporation's status is not included in the record and therefore we do not address Tavenner Enterprises' viability as a plaintiff.

-2-

forced open to expose and protect the firewall above the ceiling. As a result of the fire and the firefighting activities, the nightclub sustained smoke and water damage to its interior and contents.

{¶4} The State Fire Marshal and the Wapakoneta Fire Department determined that the fire originated in Cogan's building but were unable to determine a cause. City Side Lounge, had been insured, but prior to the fire, coverage was cancelled due to non-payment of the insurance premium. The company holding the mortgage on the property had, however, obtained coverage sufficient to cover the outstanding balance of the mortgage.

{¶5} On December 6, 2010 Tavenner Enterprises, along with its sole shareholder Joy Tavenner, filed a complaint against Cogan, Carroll Cogan, LCC and Koneta, Inc. alleging that these defendants were negligent.[2] Cogan filed her answer to the complaint on December 27, 2010 as well as a suggestion of death on behalf of Carroll Cogan. Defendants LCC and Koneta, Inc. filed their answer jointly on January 3, 2011. A stipulation of partial dismissal was filed September 14, 2011 dismissing defendant Carroll Cogan due to the suggestion of death.

{¶6} Defendants LCC and Koneta, Inc. filed a motion for summary judgment on September 19, 2011 arguing that Tavenner and Tavenner Enterprises

---

[2] Plaintiffs had originally filed a negligence action against the current named defendants, the responding fire departments and Allied Environmental which cleaned at least part of the debris. This suit resulted in the deposition of Joy Tavenner on October 5-6, 2009. Ultimately that earlier case was voluntarily dismissed on December 7, 2009 and was re-filed in its now current form.

were unable to establish all of the elements of negligence. On October 3, 2011, Cogan also filed a motion for summary judgment. Cogan argued that her property was regularly inspected by local fire officials and any deficiencies that were found were promptly remedied. She asserted that at no time had she ever been cited for failing to have a sprinkler system, that Tavenner had no evidence showing otherwise, and therefore there was no showing of a duty or a breach. Cogan relied upon her own affidavit stating that her property was inspected yearly, as well as "Fire Safety Evaluation" records she provided from 2003 and 2006.

{¶7} Tavenner and Tavenner Enterprises filed their response to the defendants' respective motions for summary judgment on October 4, 2011. As part of this response, Tavenner and Tavenner Enterprises referred to the affidavit of a proposed expert, Jeffrey Spaulding, who alleged, *inter alia*, that defendants were not in compliance with the Ohio Fire Code in that the building was not equipped with an automatic sprinkler system and a monitoring system that would notify the local fire department in case of fire. (Doc. No. 35). Spaulding also averred that the "contents stored within the space * * * posed a significant risk to the development and rapid spread of fire," and that "[b]ased upon the [i]nventory * * * the storage area" was "a high-hazard commodity storage area" that exceeded storage area height limits, which required "a permit from the local code official." *Id*.

{¶8} On October 20, 2011, the Auglaize County Common Pleas Court filed its Entry granting summary judgment on behalf of the defendants. The court reasoned that plaintiffs' expert Spaulding was not a Fire Code Official within the meaning of the Ohio Administrative Code ("OAC") that was in place at the time of this fire. "The 'Fire Code Official' in the instant case would be either the Wapakoneta Fire Chief or the State Fire Marshall or an assistant or designated certified fire safety inspector." (Doc. No. 44). According to the trial court, Spaulding was, therefore, not the appropriate person to make a determination that defendants were not in compliance with the OAC.

{¶9} Moreover, the trial court found that "the only evidence presented [wa]s that the owner and operator of the warehouse were not cited for, nor notified in any way of, any violation of the Ohio Fire Code. From the evidence filed, it appears that parties agree that the fire marshal ruled that the fire was of an unknown origin, and that there were no citations issued by the state fire marshal." *Id.* Furthermore, the trial court noted that Cogan submitted documents showing that fire code officials had inspected her building and that any deficiencies found by inspections of her property were timely remedied. Finally, the trial court found that though plaintiffs alleged common law negligence in their complaint, they relied on defendants' alleged breach of the OAC and therefore only argued negligence per se.

{¶10} Ultimately the trial court held that there were no genuine issues of material fact when construing evidence most favorably to the plaintiff, that reasonable minds could come to but one conclusion that was adverse to the plaintiff, and that defendants were entitled to judgment as a matter of law.

{¶11} It is from this judgment that Tavenner and Tavenner Enterprises appeal asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS.**

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN THAT GENUINE ISSUES OF MATERIAL FACT EXIST AND REASONABLE MINDS COULD COME TO MORE THAN ONE CONCLUSION WHICH PRECLUDES SUMMARY JUDGMENT.**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN THAT THE NON-MOVING PARTIES' RESPONSE BY AFFIDVAIT AND OTHERWISE SET FORTH SPECIFIC FACTS SHOWING THAT THERE IS A GENUINE ISSUE FOR TRIAL. (SIC)**

*Standard of Review*

{¶12} Initially, we note that an appellate court reviews a grant of summary judgment *de novo*, without any deference to the trial court. *Sheely v. Sheely*, 3d.

Dist. No. 2-10-38, 2012-Ohio-43, ¶ 17 citing *Conley-Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist. 1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56; *see Horton v. Harwick Chem. Corp.,* 73 Ohio St.3d 679, 1995-Ohio-286, at paragraph three of the syllabus.

{¶13} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988) at syllabus. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. *See* Civ.R. 56(E).

{¶14} In ruling on a summary judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences, rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party. *Jacobs v. Racevskis*, 105 Ohio App.3d 1, 7 (2nd Dist. 1995). Additionally, Civ.R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

*Assignments of Error 1, 2 and 3*

{¶15} For clarity of discussion we elect to address all three assignments of error together as they are interrelated. All three assignments of error raised by Tavenner and Tavenner Enterprises essentially argue that summary judgment was improperly awarded to the collective defendants because there was a genuine issue of material fact.

{¶16} At the outset we note that this is not a case invoking negligence per se. The Supreme Court of Ohio held in *Lang v. Holly Hill Motel, Inc*, 122 Ohio St.3d 120, 2009-Ohio-2495, that violation of an administrative regulation, unlike the violation of a statute, does not create a per se finding of duty and breach of duty. *Lang* at ¶ 21; *see also Chambers v. St. Mary's School*, 82 Ohio St.3d 563,

568 (1998). The Court in *Lang* found that while actual violation of an administrative code regulation could be some evidence of negligence, it did not give rise to negligence per se. *Id.* Moreover, Tavenner and Tavenner Enterprises alleged negligence in their complaint, not negligence per se. Therefore, based upon Ohio Supreme Court case law and the complaint of the plaintiffs, we conduct our *de novo* review of these motions for summary judgment only in context of negligence, not in the context of negligence per se.

{¶17} Proving negligence requires a showing of the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573 ¶ 8. Tavenner argues that an affidavit filed by its proposed expert, Jeffrey Spaulding,[3] establishes a genuine issue of material fact that should have precluded summary judgment. Based on his review of materials related to this case,[4] Spaulding concluded that

---

[3] According to his affidavit, Spaulding has professional experience working or supervising more than seven hundred fire and explosion investigations across the United States. He is currently an owner/investigator for Spaulding & Associates LLC, a Fire Captain/Investigator for Middletown Fire Department, and a Fire Fighting Academy Instructor for Butler Technology in Hamilton, Ohio

[4] Spaulding averred that his affidavit in this case was made on

> **personal knowledge and experience after review of various items including but not limited to: Wapakoneta Fire Department Fire Incident Report dated March 9, 2007, Ohio State Fire Marshall Incident Report dated March 9, 2007, Report prepared by SEA, Ltd. Dated April 30, 2007, Report prepared by O.C.A. Consultants, Inc. dated March 22, 2007, photos, and documents produced by the Defendants, June Cogan, Trustee, Lancaster Colony Corporation and/or Koneta Rubber, Inc. (Koneta, Inc.), Plaintiffs, Joy Tavenner and Tavenner Enterprises, Inc. furnished to me by Attorney Derek Younkman. (Doc. No. 35).**

"[Cogan's] property located at 500 Willipie Street, Wapakoneta, Ohio did not meet the minimum requirements of the 2005 Ohio Fire Code." (Doc. No. 35).

**{¶18}** The 2005 Ohio Fire Code was codified in OAC 1301:7-7-01.[5] It was an administrative regulation and therefore violation of said regulation would not create negligence per se. Any actual violation of the Ohio Fire Code would not establish a duty and a breach of that duty. The salient issue in this case is thus not whether the defendants were in violation of the Ohio Fire Code, but rather, whether Tavenner and Tavenner Enterprises have established *any* evidence that the collective defendants were on reasonable notice that they had created a fire hazard. Therefore, we examine Spaulding's affidavit for allegations that defendants created an unreasonable risk of fire that they were aware of.

**{¶19}** Spaulding averred the following to say there was an enhanced risk of fire and/or damage on defendant's property:

> **The 2005 Ohio Fire Code became effective on September 1, 2005 and the contents stored within the space leased by Koneta Rubber, Inc. posed a significant risk to the development and rapid spread of fire.**
>
> **\* \* \***
>
> **Based upon the Inventory Cost Evaluation Report several of the materials stored within the building by Koneta Rubber, Inc. and/or Lancaster Colony Corporation are listed as Class A Plastics by the 2005 Ohio Fire Code which in the percentage by**

---

[5] It has since been amended to its now-current form as the International Fire Code. The 2005 Ohio Fire Code was replaced effective July 1, 2007.

**weight, caused the storage area to be considered a high-hazard commodity storage area.**

**\* \* \***

**Due to the type and quantity of materials being stored within the structure at the time of the fire, a permit from the local code official would be required to continue use of the structure for high-piled storage.**

**\* \* \***

**The storage area leased by Koneta Rubber, Inc. and/or Lancaster Colony Corporation exceeded 2,500 square feet.**

**\* \* \***

**Pursuant to the 2005 Ohio Fire Code, any storage area exceeding 2,500 square feet would also require the installation of an automatic sprinkler system to protect the property in the event of a fire.**

**\* \* \***

**The installation of an automatic sprinkler system would also require a monitoring system to notify the local fire department as soon as the automatic sprinkler system activated.**

**\* \* \***

**If a significant risk exists, then appropriate sections of the Ohio Fire Code must be enforced regardless of when the hazard was created or the Code in force at the time the hazard was created.**

**\* \* \***

**Additionally, the 2005 Ohio Fire Code states if an occupant creates a hazardous condition(s), it is the occupant's responsibility to correct and abate those hazardous condition(s).**

(Doc. No. 35). Finally, Spaulding averred that if the Ohio Fire Code was appropriately complied with "this fire would have been either suppressed or contained to a limited area of damage with near-immediate notification being made to the local fire department." *Id.*

{¶20} Spaulding thus bases most of his allegations that defendants breached a duty in this case upon their non-compliance with the Ohio Fire Code. However, Spaulding does aver that there were significant risks on the property. Spaulding argues that the materials stored in the building and the height that they were stacked created significant risks. However, even accepting all these things as true, we find that there is no evidence that the collective defendants ever received any type of notice that they were creating a fire hazard, nor is there any evidence that the collective defendants ever acted unreasonably to breach any known duty with respect to the storage or placement of any items or fire suppressant equipment within their building.

{¶21} The record shows that Cogan had regular fire safety evaluations by the Wapakoneta Fire Department and that Cogan corrected any problems of which she was apprised. Cogan averred that her building was "inspected approximately yearly by the Wapakoneta Fire Department as part of a Fire Safety Evaluation." (Doc. No. 33). To corroborate this fact, Cogan provided two "Fire Safety Evaluation" sheets that had been undertaken on her property. The first "Fire

Safety Evaluation" included was conducted on March 10, 2003, and the second was conducted on February 17, 2006 after the 2005 Ohio Fire Code went into effect. (Doc. No. 33). In both of the evaluations, Cogan was cited for some violations of the Ohio Fire Code which included a need to service fire extinguishers, a need to repair/replace exit lights, a need to put a new battery into emergency lighting, and a need to fix holes in the ceiling. *Id.* According to the information provided in the record, Cogan promptly fixed all of the issues, providing receipts for the work that was done. In the 2006 evaluation, Cogan had fixed all violations within a month.[6]

{¶22} Importantly, neither of these evaluations shows that Cogan was cited for any of the Ohio Fire Code violations that Spaulding alleged in his affidavit, essentially giving her an affirmative indication that she was otherwise in compliance with the code and that she was not creating an unreasonable risk of harm. Moreover, there is no indication given by the people that were in charge of issuing citations and inspecting Cogan's property pursuant to former OAC 1301:7:7-1 that there was any type of increased risk of harm due to the stacking of materials above any given height or the lack of a sprinkler system. There is no evidence that defendants acted unreasonably or that they were informed of any

---

[6] The evaluation date was February 17, 2006 and all violations were apparently fixed by March 6, 2006.

potential deficiency. In this case there is no allegation of negligence in the cause of the fire as the cause was undetermined.

{¶23} Tavenner and Tavenner Enterprises argue that perhaps the Fire Code Officials conducting the evaluations in this case did not comply with the Ohio Fire Code and that this in and of itself creates a genuine issue of material fact. However, the undisputed facts of this case establish that the defendants had their building regularly inspected and that they promptly remedied all problems. Under the circumstances, we find that there is no genuine issue of material fact as to the elements of duty and breach, reasonable minds could come to but one conclusion based on the undisputed evidence, and that defendants are entitled to judgment as a matter of law. Therefore, we find that summary judgment was appropriately granted in this case.

{¶24} For the foregoing reasons, we find Tavenner and Tavenner Enterprises' first, second and third assignments of error without merit and they are overruled.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**