[Cite as *Daniels v. Verai Enterprises, Inc.*, 2012-Ohio-2264.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| QUINESTA DANIELS, | : | APPEAL NO. C-110440 |
| | | TRIAL NO. A-1006071 |
| Plaintiff-Appellant, | : | |
| and | : | *O P I N I O N.* |
| HARRY DANIELS, | : | |
| Plaintiff, | : | |
| vs. | : | |
| VERAI ENTERPRISES INC., d.b.a. AMERISTOP, | : | |
| | : | |
| DDJRS REALTY, | : | |
| | : | |
| STEVE SOPER, | : | |
| | : | |
| DANA SOPER, | : | |
| | : | |
| JACKIE SOPER, | : | |
| | : | |
| and | : | |
| | : | |
| RICHARD SOPER, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  May 23, 2012

*Gerald L. Nuckols*, for Plaintiff-Appellant Quinesta Daniels,

*Les Chambers*, for Defendant-Appellee Verai Enterprises Inc., d.b.a. Ameristop,

*Molly G. Vance*, for Defendants-Appellees DDJRS Realty, Steve Soper, Dana Soper, Jackie Soper, and Richard Soper.

**Note: We have removed this case from the accelerated calendar.**

**CUNNINGHAM, Judge**.

{¶1}     Plaintiff-appellant Quinesta Daniels appeals the trial court's grant of summary judgment in favor of defendant-appellee Verai Enterprises Inc., d.b.a. Ameristop ("Verai"), and defendants-appellees DDJRS Realty, and Steve, Dana, Jackie, and Richard Soper (collectively "DDJRS Realty") in Daniels's negligence action for damages that she suffered after falling in the parking lot of an Ameristop convenience store.  Because the dangerous condition in the Ameristop parking lot that allegedly caused Daniels's injury was open and obvious, we affirm.

## Factual Background

{¶2}     One day in January 2009, at around 7:30 a.m., Daniels stopped at the Ameristop operated by Verai and located on land owned by DDJRS Realty.  Daniels, on her way home from work, planned to pick up a few grocery items as she had previously done many times.

{¶3}     When Daniels parked her car in Ameristop's lot, she straddled the parking line. As a result, she parked close to the pothole that she knew was located in the adjoining parking space.  Daniels exited from her car and walked along the edge of the pothole to enter the store.  After purchasing a few items inside the store, she again walked along the edge of the pothole to reach her car. This time, the asphalt allegedly crumbled underneath her and she fell, breaking her ankle.

{¶4}     Daniels filed a negligence action against the defendants.  In her complaint, she alleged that the defendants negligently created or permitted a "crumbling * * * surface" to exist in the Ameristop parking lot, that they failed to warn of or to make safe the hazardous condition, and that Daniels was injured as a result of the defendants' negligence.[1]

---

[1]  Daniels's husband pursued a derivative loss-of-consortium claim against the defendants in the same action. He has not appealed from the summary judgment in favor of the defendants.

{¶5}    In her deposition testimony, Daniels described the pothole's size as smaller than an automobile tire, but larger than a hubcap.  She identified a photograph of the pothole, taken by her husband shortly after her accident.  The photograph depicted a large area of deteriorating asphalt around the pothole, including several cracks.

{¶6}    Although it is unclear from her testimony whether Daniels had previously walked along the edge of that particular pothole, she stated that she had previously walked along the edge of other potholes in that parking lot without incident.  When asked if that was her practice, she stated, "* * * it's not a practice that you walk on the edge of anything that could hurt you.  But that day I did, you know.  And couple of days I did it, too, you know.  Never did anything to me, you know."

{¶7}    The defendants moved for summary judgment on the ground that the dangerous condition alleged by Daniels to have caused her injury was open and obvious and, therefore, they owed no duty to Daniels to warn her of the condition.  The trial court agreed.  Entering summary judgment in the defendants' favor, the court stated that Daniels's "statements confirm that she was aware of the dangers" and that "any prudent invitee recognizes the danger of crumbling asphalt when walking along the edge of a pothole that was created by crumbling asphalt." Daniels appealed.

{¶8}    In her sole assignment of error, Daniels argues that the trial erred by granting summary judgment because genuine issues of material fact preclude the application of the open-and-obvious doctrine.

### Standard of Review and Analysis

{¶9}    We review the grant of summary judgment de novo, applying the same standard as the trial court.  *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.  Summary judgment is appropriate for the defendants if (1) there is no genuine issue of material fact; (2) reasonable minds can come to but one conclusion and

4

that conclusion is adverse to the plaintiff; and 3) the defendants are entitled to judgment as a matter of law. *See* Civ.R. 56(C); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶10}  To prevail in a negligence action, a plaintiff must show that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach proximately caused the plaintiff's injury.  *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10.  This negligence action involves the law of premises liability.  When the alleged negligence occurs in the context of premises liability, the applicable duty is determined by the relationship between the premises owner or occupier and the injured party.  *See id.*; *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996); *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985).

{¶11}  The parties do not dispute for purposes of the summary judgment motions that Daniels was a business invitee and that the defendants, as owners or occupiers, had a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden dangers.  *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5, citing *Paschal*, 18 Ohio St.3d 203, 480 N.E.2d 474, and *Jackson v. Kings Island*, 58 Ohio St.2d 357, 390 N.E.2d 810 (1979).

{¶12}  But a premises owner or occupier is not an insurer of the safety of a business invitee.  *See id.*  The open-and-obvious doctrine, repeatedly recognized by the Ohio Supreme Court, provides that an owner or occupier has no duty to protect against dangers that are known by the invitee or that are at least so obvious and apparent to the invitee that she may reasonably be expected to discover them and protect herself.  *See id.* at syllabus, approving and following *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589

(1968). *See also Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992).

{¶13}   Daniels contends that while the pothole was an open-and-obvious hazardous condition, that condition did not cause her injury.  She argues that the trial court erroneously granted summary judgment because the hazardous condition of the asphalt around the edge of the pothole was not an open-and-obvious danger, but rather a latent danger.  Daniels does not claim that any attendant circumstances diverted her attention from appreciating this dangerous condition.

{¶14}   We agree with Daniels that the most common hazard associated with a pothole is not at issue here; Daniels did not allege that she was injured because she failed to detect the pothole and fell as a result.  *E.g., Chaparro-Delvalle v. TSH Real Estate Invest. Co.*, 9th Dist. No. 05CA008712, 2006-Ohio-925.  Rather, Daniels alleged that she was injured because the asphalt along the edge of the pothole crumbled as she walked along it to avoid the pothole.  We believe, however, that it is commonly understood that a pothole is an area where a paved surface has deteriorated to the point of creating a hole in the surface.  Because of this, one could argue that walking along the edge of a detected pothole is always an open-and-obvious hazard due to the likelihood that the surface immediately surrounding the pothole will also deteriorate and crumble.

{¶15}   But we are not required to make such a broad holding in this case to affirm the trial court.  Although Daniels characterizes the area surrounding the pothole as "solid asphalt," Daniels's deposition testimony and the accompanying photographs conclusively demonstrate that the surface Daniels walked along at the edge of the pothole was also visibly deteriorating. Further, it is undisputed that Daniels was able to see this deterioration, as well as additional potholes and deterioration in other parts of the parking lot.  This deterioration should have been ample warning to Daniels that the asphalt along

6

the edge of the pothole was likely to further deteriorate and crumble when walked upon. Moreover, Daniels's deposition testimony suggests that she actually appreciated the danger of walking along the edge of the pothole.

{¶16}     Under these circumstances, we hold that the condition at issue constituted an open-and-obvious danger.  As a result, the defendants as owners or occupiers owed no duty of care to Daniels regarding the danger, and Daniels failed to establish negligence as a matter of law.  *See Armstrong,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at syllabus. Therefore, the trial court appropriately entered summary judgment for the defendants on Daniels's negligence claim.  The assignment of error is overruled.

Accordingly, we affirm the trial court's judgment.

Judgment affirmed.

SUNDERMANN, P.J., and DINKELACKER, J., concur.