[Cite as *In re V.R.*, 2014-Ohio-5061.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| V.R., a minor, | : | APPEAL NO. C-140230 |
| JENNIFER SANCHEZ, | : | TRIAL NO. A-1104516 |
| and | : | |
| RUBEN R. | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| CINCINNATI-HAMILTON COUNTY COMMUNITY ACTION AGENCY, | : | |
| Defendant-Appellee, | : | |
| and | : | |
| JOHN DOE EMPLOYEE, | : | |
| and | : | |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  November 14, 2014

*Law Offices of Blake R. Maislin, LLC,* and *Thomas J. Dall, Jr.*, for Plaintiffs-Appellants,

*Reminger Co., LPA, Robert W. Hojnoski* and *Carrie M. Starts*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Plaintiffs-appellants Jennifer Sanchez, Ruben R., and their minor daughter, V.R., appeal the decision of the trial court granting summary judgment to defendant-appellee Cincinnati-Hamilton County Community Action Agency ("CAA") stemming from an injury sustained by V.R. with a boxcutter that had been used in repairing Sanchez's apartment.  Because we determine that the appellee owed no duty to V.R. with respect to her injury, we affirm the judgment of the trial court.

{¶2}   Sanchez and her three children lived in a two-story townhome owned and operated by CAA.  CAA is a nonprofit entity that provides housing to single mothers in financial need.  Sanchez requested maintenance work for a small area on the wall behind the toilet in the upstairs bathroom that had moisture damage.  Josh Hill, a maintenance employee for CAA, responded to Sanchez's request.

{¶3}   Sanchez's longtime boyfriend and the father of her three children, Ruben, showed Hill the problem area in the bathroom.  Ruben worked in various jobs in the construction industry, and his primary vocational skill was drywall work.  Hill had come to Sanchez's home with a mudding knife and pan, but no other tools, and Ruben instructed Hill that the problem could not be fixed by applying mud over the drywall because the problem would reoccur.  Ruben insisted that Hill needed to cut an area out of the wall.  Hill tried to cut a portion of the wall with his mudding knife, but when that did not work, Ruben retrieved his boxcutter.  Ruben then proceeded to talk Hill through the repair by telling him the correct way to cut the problem out to keep the moisture and mildew away.  After Hill had cut out the area, Ruben then instructed Hill on how to apply mud.

{¶4} As Hill finished up the repair, Sanchez called Ruben downstairs, and Ruben saw Hill leave minutes later. While Ruben and Sanchez were downstairs in the kitchen, their two-year-old-son and V.R., then four years old, went upstairs, unbeknownst to their parents. Ruben and Sanchez then heard a scream coming from upstairs, and they discovered V.R. had sliced her finger trying to take the boxcutter away from her little brother. V.R. had three surgeries to repair the tendon and nerve in her finger.

{¶5} Sanchez, Ruben, and V.R., filed an action against CAA, alleging negligence per se and common-law negligence. In their negligence-per-se claim, appellants argued that CAA breached its duty under R.C. 5321.04 to repair and maintain the rental property in a safe, habitable condition. In their common-law negligence claim, appellants alleged that CAA carelessly permitted a hazardous condition—the boxcutter—to remain in reach of the children after the repair. Appellants also named as a defendant in the action "John Doe employee"—meaning Hill; however, once appellants discovered Hill's identity, they never amended their complaint to name Hill. *See* Civ.R. 3(A); Civ.R. 15(D). Sanchez and Ruben also claimed loss of consortium damages as a result of V.R.'s injury. Appellants named the Ohio Department of Job and Family Services as a party to the extent that it had a right of subrogation as to any relief recovered by appellants.

{¶6} CAA deposed Ruben and Sanchez. Most of the underlying facts came from Ruben's deposition, because Sanchez had little first-hand knowledge of the events leading up to V.R.'s injury. CAA then moved for summary judgment as to all of appellants' claims. CAA argued that it owed no duty with respect to V.R.'s injury, and that no statutory violation occurred to support a negligence-per-se claim.

Appellants responded to CAA's motion with affidavits from Ruben and Sanchez. Ruben's affidavit largely summarized his deposition testimony; however, Ruben averred that Hill had left Sanchez's townhome "with no notice." The trial court heard oral argument on CAA's motion and subsequently granted the motion. This appeal ensued.

{¶7} In two assignments of error, appellants argue that the trial court erred in granting summary judgment in favor of CAA.

{¶8} Summary judgment is appropriate when no genuine issues of material fact remain to be decided, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *See* Civ.R. 56(C); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We review the grant of summary judgment de novo. *Jorg v. Cincinnati Black United Front*, 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, ¶ 6 (1st Dist.).

{¶9} To establish a cause of action for negligence, a plaintiff must show (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the defendant's breach proximately caused the plaintiff's injury, and (4) damages. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10. A duty may be established by common law, by legislative enactment, or by the particular facts and circumstances of the case. *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565, 697 N.E.2d 198 (1998).

{¶10} As a general matter, a property owner has no common-law duty to warn individuals lawfully on the premises against known or open and obvious

4

dangers—also known as the open-and-obvious doctrine. *Robinson v. Bates*, 112 Ohio St.3d 17, 24, 2006-Ohio-6362, 857 N.E.2d 1195. The rationale for the open-and-obvious doctrine is that an invitee or occupier of the property can reasonably be expected to discover known or obvious dangers and protect against them. *Daniels v. Verai Ents.*, 1st Dist. Hamilton No. C-110440, 2012-Ohio-2264, ¶ 12, citing *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.

{¶11} In derogation of the common-law duties of landlords, the Ohio legislature created various obligations upon landlords in the Landlord-Tenant Act. *See* R.C. 5321.04. A landlord's violation of a provision of the Landlord-Tenant Act constitutes negligence per se, meaning that duty and breach have been conclusively established. *Cipollone v. Hoffmeier*, 1st Dist. Hamilton No. C-060482, 2007-Ohio-3788. The common law, open-and-obvious doctrine will not protect a landlord from liability for breaches of statutory duties under the Landlord-Tenant Act; however, if no statutory breach occurred, the open-and-obvious doctrine remains a bar to a common-law negligence claim. *See Robinson*; *Mann v. Northgate Investors LLC*, 2012-Ohio-2871, 973 N.E.2d 772 (10th Dist.).

{¶12} In response to CAA's summary-judgment motion, appellants argue that CAA breached its statutory duty to repair under the Landlord-Tenant Act. R.C. 5321.04(A)(2) provides that a landlord must "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition[.]" In order to maintain a claim under R.C. 5321.04(A)(2), a plaintiff must show that the premises are unfit and uninhabitable. *January Invests., LLC v. Ingram*, 12th Dist. Warren No. CA2009-09-127, 2010-Ohio-1937, ¶ 26, citing *Cipollone*, 1st Dist.

Hamilton No. C-060482, 2007-Ohio-3788, at ¶ 22. This court has held that R.C. 5321.04(A)(2) requires the defects in the premises to be "so substantial as to amount to a constructive eviction" and constitute "more than nuisances or trifles." (Internal quotation omitted.) *Cipollone* at ¶ 22.

{¶13} Appellants make no argument, nor point to any evidence in the record, demonstrating that the premises were unsafe or uninhabitable such that they were constructively evicted under R.C. 5321.04(A)(2). In the absence of any other statutory duty breached by CAA, CAA is entitled to summary judgment on appellants' negligence-per-se claim. *See Mullins v. Grosz*, 10th Dist. Franklin No. 10AP-23, 2010-Ohio-3844, ¶ 29 (summary judgment was proper where the plaintiff failed to assert any argument or provide any evidence that the defendant had breached a provision of the Landlord-Tenant Act in response to a summary-judgment motion).

{¶14} As to the common-law negligence claim, the open-and-obvious doctrine bars the appellants' claim that CAA breached a duty with regard to the boxcutter. The evidence in the record demonstrates that Ruben loaned Hill the boxcutter, and directed and observed Hill throughout the repair. Only when Hill finished using the boxcutter and nearly completed the repair did Ruben head downstairs.

{¶15} Although Ruben averred in his affidavit that Hill left Sanchez's home without notice, Ruben testified that he knew Hill was finished with the job and was not going to come back when he saw Hill exit from the townhome. Appellants cannot, "without sufficient explanation," contradict deposition testimony in an affidavit to defeat summary judgment. *See Byrd v. Smith*, 110 Ohio St.3d 24, 2006-

6

Ohio-3455, 850 N.E.2d 47, paragraph three of the syllabus. Ruben further testified that after he had gone downstairs, he neglected to take his boxcutter with him, and he simply "lost total track" of it as he became occupied with something else. Ruben knew his boxcutter remained upstairs where one of his children could reasonably be expected to come across it when playing upstairs unsupervised. The boxcutter was a known risk to Ruben, and he failed to guard against that risk to protect to his children. Thus, appellants failed to establish that CAA owed them a duty with respect to the boxcutter.

{¶16} In conclusion, because appellants failed to establish that CAA owed them a duty, and failed to establish that CAA breached a duty under the Landlord-Tenant Act, CAA is entitled to judgment as a matter of law on appellants' common-law negligence claim and negligence-per-se claim. We affirm the judgment of the trial court granting summary judgment to CAA.

Judgment affirmed.

CUNNINGHAM, P.J., and DINKELACKER, J., concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.